UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GRACE VILLAGE HEALTH CARE FACILITIES, INC., and NATIONAL FELLOWSHIP BRETHREN RETIREMENT HOMES, INCORPORATED, | ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     CIVIL NO. 3:11cv295 |
| | ) |
| LANCASTER POLLARD & CO., and STEVEN W. KENNEDY, | ) ) |
| | ) |
| Defendants. | ) |
| ———————————————— | ) |
| | ) |
| LANCASTER POLLARD & CO. and STEVEN W. KENNEDY, | ) ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PECK, SHAFFER & WILLIAMS LLP, and JASON L. GEORGE, | ) ) |
| | ) |
| Third-Party Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion of Third-Party Defendants Jason L. George, Esq. and Peck, Shaffer & Williams LLP to Dismiss Amended Third-Party Complaint"[1], filed on October 11, 2012. The Third-Party Plaintiffs, Lancaster Pollard & Co. ("Lancaster Pollard") and Steven W. Kennedy ("Kennedy"), filed their response on October 23, 2012 to which Third-Party

---

[1] On September 21, 2012, the Third-Party Defendants filed a motion to dismiss the Third Party Complaint [DE 73]. However, on September 22, 2012, the Third Party Plaintiffs filed their Amended Third Party Complaint, rendering the September 21, 2012 motion to dismiss moot.

Defendants Jason L. George ("George") and Peck, Shaffer & Williams, LLP ("PS&W"), filed their reply on November 1, 2012.

For the following reasons, the motion to dismiss will be granted.

<u>Discussion</u>

This action arises from the termination of two interest-rate swap agreements between Grace Village and Lehman Brothers Special Financing, Inc. ("Lehman").  Defendant Lancaster Pollard, an investment bank, served as an underwriter for bonds issued in 2006 for the benefit of Grace Village, a not-for-profit retirement home for the elderly.

In or around 2006, Kennedy, a Vice President and Investment Banker at Lancaster Pollard, advised Grace Village to enter into two interest-rate swaps with Lehman, which Grace Village did.  After Lehman and certain of its related entities filed for bankruptcy in September 2008, Lancaster Pollard and Kennedy advised Grace Village to terminate the swaps.  Lancaster Pollard and Kennedy instructed Grace Village on how to terminate the swaps.  However,  the swaps were not properly terminated.  Lehman then demanded payment from Grace Village, and Grace Village ultimately settled and paid $1,050,000 to Lehman.

In the present motion to dismiss, the Third-Party Defendants argue that the pleadings demonstrate that neither Lancaster Pollard nor Grace Village relied on any advice of PS&W or George, but rather that Lancaster Pollard ignored the comments of George in a September 30, 2008 email when Lancaster Pollard gave its own contrary advice to Grace Village that Grace Village alleges was erroneous.

On February 29, 2012, Grace Village filed an Amended Complaint.  [Doc. 58] Grace Village attached to the Amended Complaint several exhibits, including the confirmations

2

between Grace Village and Lehman Brothers Special Financing Inc. ("Special Financing"), *id.* ¶ 32 & Ex. A [Doc. 58-1], and the Internal Swaps and Derivatives Association ("ISDA") Master Agreement form ("Master Agreement") between Grace Village and Special Financing. *Id.* ¶ 34 & Ex. B [Doc. 58-2].

Grace Village attached a November 1, 2008 termination notice to Special Financing in which Grace Village stated that it had:

> attempted to utilize the Second Method and Market Quotation to determine the Settlement Amount. [Grace Village] received fewer than the three (3) quotations required to utilize the Second Method Market Quotation; therefore [Grace Village] was required to utilize Loss to determine the Settlement Amount. Utilizing Loss, [Grace Village] determines that the Settlement Amount is $0.

Amended Complaint Ex. E [Doc. 58-5].

As Lancaster Pollard's Amended Third-Party Complaint demonstrates, George had stated in a September 30, 2008 email sent in Ohio to Lancaster Pollard's Kassem Matt in Ohio that Lancaster Pollard's clients, such as Grace Village, could **not** use the Second Method Market Quotation and Loss Calculation to determine the settlement amount for Special Financing. *See* Third-Party Complaint Ex. A ("**If Special Financing does file for bankruptcy**, Section 562 of the Bankruptcy Code will kick in and the bankruptcy court will determine the termination payment due on the earliest subsequent date on which there are commercially reasonable determinates – **you will not be permitted to use the Market Quotation or the Loss method**.") (emphasis added) [Doc. 77-1].

On Saturday, September 22, 2012, Lancaster Pollard filed its Amended Third-Party Complaint. [Doc. 77]. Lancaster Pollard alleges that Steve Kennedy is an Ohio resident and citizen, who is and has been an officer of Lancaster Pollard & Company, an Ohio corporation

with its principal place of business in Ohio. *Id.* ¶¶ 1-2. Lancaster Pollard further alleges that George is an Ohio attorney, who is a resident and citizen of Ohio, and was in 2008 a partner in Peck, Shaffer & Williams LLP, an Ohio limited liability partnership. *Id.* ¶¶ 3-4.

Lancaster Pollard alleges that "[a]ttached as Exhibit A is a genuine and authentic copy of an email . . . that was sent by Mr. George of Peck Shaffer to Lancaster Pollard on September 30, 2008. . . ." *Id.* ¶ 12.  Lancaster Pollard alleges that it relied on George's email in forwarding documents to Grace Village for its use in terminating Grace Village's swap agreements with Special Financing. *Id.* ¶ 23.

The Third Party Defendants argue that Lancaster Pollard has ignored the fact that George's email, attached as Exhibit A to Lancaster Pollard's Third-Party Complaint, specifically provides that once Special Financing filed bankruptcy, as it did on October 3, 2008, a party could **not** use the Second Method and Market Quotation and Loss calculation to calculate a termination value.  *See* Third Party Complaint Ex. A.

Despite George's direction that a party "will not be permitted to use the Market Quotation or the Loss Method" after Special Financing's filing of bankruptcy, as occurred on October 3, 2008, Lancaster Pollard admits that it provided to Grace Village a notice using the Market Quotation and Loss Method that resulted in a zero termination value. Answer ¶ 58 [Doc. 62].

The Third-Party Defendants argue that, on its face, the Amended Third-Party Complaint (with its attached Exhibit), fails to state a cause of action under Ohio law for legal malpractice

against PS&W and George.[2] The following elements are necessary to establish a cause of action

for legal malpractice: "(1) an attorney-client relationship, (2) professional duty arising from that

relationship, (3) breach of that duty, (4) proximate cause, (5) and damages." *Shoemaker v.

Gindlesberger*, 118 Ohio St. 3d 226, 2008 Ohio 2012, ¶ 8, 887 N.E.2d 1167 (2008) (*citing

Vahila v. Hall*, 77 Ohio St. 3d 421, 427, 1997 Ohio 259, 674 N.E.2d 1164 (1997); *Krahn v.

Kinney*, 43 Ohio St. 3d 103, 105, 538 N.E.2d 1058 (1989)). The elements of a legal malpractice

claim are stated in the conjunctive, so that the failure to allege or establish any element of the

claim is fatal. *Rivera v. Crosby*, 194 Ohio App. 3d 147, 153, 2011 Ohio 2265 ¶ 31, 954 N.E.2d

1292, 1296 (2011) (*citing Williams-Roseman v. Owen*, Franklin App. No. 99AP-871, 2000 Ohio

App. LEXIS 4254 (Sept. 21, 2000)), *rev. denied*, 129 Ohio St. 3d 1491, 2011 Ohio 5129, 954

N.E.2d 663 (2011).

The Third-Party Defendants assert that Lancaster Pollard's decision to ignore George's

September 30, 2008 email in advising Grace Village to use the market quotation and loss method

of calculating a termination value, despite George's express direction in that email that a party

"will not be permitted to use the Market Quotation or the Loss Method" after Special

Financing's filing of bankruptcy, as occurred on October 3, 2008, means that Lancaster Pollard

---

[2]  Lancaster Pollard argues that Indiana law, rather than Ohio law applies to its malpractice claim. Lancaster Pollard also argues that its claims sound in indemnity, and not legal malpractice.  However, as the Third Party Defendants note, Lancaster Pollard is judicially estopped by its successful argument in an Ohio court action that: (a) Ohio law controls this dispute; and (b) the nature of Lancaster's claims is that of a legal malpractice action, not an indemnity action. *Lancaster Pollard & Co. v. George*, No. 11-CVH4-06-6722 (Franklin Cty. CP. Sept. 27, 2012).   The United States District Court for the Southern District of Indiana has held that the gravamen of Lancaster's third-party claim sounds in malpractice, not indemnity, in dismissing Lancaster's claims as time-barred under Ohio's one-year statute of limitations. *Franklin United Methodist Home, Inc. v. Lancaster Pollard & Co.*, No. 1:10-cv-01086-RYL-DKL, 2012 U.S. Dist. Lexis 135330 (S.D. Ind. Sept. 21, 2012).

did not rely on George's advice. Amended Third Amended Complaint Ex. A [Doc. 77-1]. As courts repeatedly have held in legal malpractice actions, "[w]ithout reliance to establish proximate cause, [Plaintiff]'s claims for negligence and malpractice cannot be established." *Rivera v. Crosby*, 194 Ohio App. 3d 147, 153, 2011 Ohio 2265 ¶ 31, 954 N.E.2d 1292, 1296 (2011) (*citing Williams-Roseman v. Owen*, Franklin App. No. 99AP-871, 2000 Ohio App. LEXIS 4254 (Sept. 21, 2000)), *rev. denied*, 129 Ohio St. 3d 1491, 2011 Ohio 5129, 954 N.E.2d 663 (2011). *See also Estate of Hards v. Walton*, 2010 Ohio 3596 (Cuyahoga Cty. App. 2010) (where claims would have proceeded without alleged malpractice, no causation).

The Third Party Defendants argue that, in the present case, Lancaster Pollard alleges not only that it did not rely on the September 30, 2008 email of George in advising Grace Village how to calculate the termination value of Grace Village's swap agreements with Special Financing, but also that Lancaster Pollard acted contrary to the statements in that email after Special Financing filed bankruptcy on October 3, 2008.

Lancaster Pollard, in response, disputes that it alleged that it did not rely on George's advice. However, Lancaster Pollard does not dispute the fact that George's September 30, 2008 email advised Lancaster Pollard that the market quotation and loss method would be unavailable after Lehman declared bankruptcy. Also, Lancaster Pollard does not dispute that its own Mr. Kennedy advised his client, Grace Village, to use the market quotation or loss method following Special Financing's bankruptcy. In light of these facts, it is clear that Lancaster Pollard did not rely on the advice of George in advising its own client, Grace Village, in the termination of Grace Village's swap agreement with Lehman.

Although Lancaster Pollard alleges in the Amended Third-Party Complaint that it

6

"transmitted Peck Shaffer [sic] and Mr. George's legal advice to Grace Village in its entirety," Amended Third-Party Complaint ¶ 25 [Doc. 77], Lancaster Pollard's own pleadings demonstrate that this allegation is not true.

Specifically, Lancaster Pollard attached George's September 30, 2008 e-mail as Exhibit A to its Amended Third-Party Complaint. Amended Third-Party Complaint, Ex. A [Doc. 77-1]. George's email stated that the Market Quotation Method and the Loss Method would be unavailable for purposes of the termination valuation of the Lancaster swap if Lehman declared bankruptcy. *Id.* Lancaster Pollard does not dispute that it acted contrary to George's alleged advice when Mr. Kennedy advised Grace Village and others that the Market Quotation Method and Loss Method ***would be available*** and assisted in those valuations after Lehman filed bankruptcy on October 3, 2008.  Clearly, Lancaster Pollard cannot state, in one instance, that it transmitted all of George's alleged advice to Grace Village, but then, in another instance, attach to its pleading George's September 30, 2008 email that demonstrates that Lancaster Pollard did not do so.  Consequently, the Third-Amended Complaint fails to state a cause of action for legal malpractice and it will be dismissed.

Conclusion

On the basis of the foregoing, the Third-Party Defendants' motion to dismiss the Amended Third-Party Complaint [DE 82] is hereby GRANTED.

Further, the Third-Party Defendants' prior motion to dismiss the Third-Party Complaint

[DE 73] is hereby DEEMED MOOT.


 Entered: November 13, 2012.

s/ William C.  Lee

William C. Lee, Judge

United States District Court