UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GRACE VILLAGE HEALTH CARE FACILITIES, INC., and NATIONAL FELLOWSHIP BRETHREN RETIREMENT HOMES, INCORPORATED, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL NO. 3:11cv295 |
| LANCASTER POLLARD & CO. and STEVEN W. KENNEDY, | ) ) ) | |
| Defendants. | ) ) ) | |
| LANCASTER POLLARD & CO. and STEVEN W. KENNEDY, | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| PECK, SHAFFER & WILLIAMS LLP, and JASON L. GEORGE, | ) ) ) | |
| Third-Party Defendants. | ) | |

OPINION AND ORDER

This matter is before the Court on a "Motion for Reconsideration of Court's Order Dismissing Amended Third-Party Complaint" filed by the Third-Party Plaintiffs, Lancaster Pollard & Co., and Steven W. Kennedy (collectively, "Lancaster Pollard"), on June 6, 2013. The Third-Party Defendants, Peck, Shaffer & Williams LLP and Jason L. George (collectively "PS&W"), filed their response on June 20, 2013, to which Lancaster Pollard replied on June 27, 2013.

Also before the Court is a "Motion for Leave to File Second Amended Third-Party

Complaint", filed by Lancaster Pollard on June 28, 2013.  PS&W responded to the motion on July 15, 2013 to which Lancaster Pollard replied on July 25, 2013.

For the following reasons, the motion to reconsider will be deemed moot and the motion for leave to file second amended third-party complaint will be granted.

Discussion

After settling a claim by Lehman Brothers, Grace Village filed an Amended Complaint against Lancaster Pollard on February 29, 2012 (Dkt. 58). Unlike the original Complaint for declaratory relief, the Amended Complaint seeks money damages. *See* Dkt. 58, pp. 13-15. Grace Village asserts claims for breach of contract and negligence against Lancaster Pollard related to the termination of two interest rate swap agreements between Grace Village and Lehman Brothers Special Financing, Inc. The gist of the Amended Complaint is that Lancaster Pollard allegedly provided "wrong" advice when it "instructed Grace Village on how to terminate the swaps." *Id*. at ¶¶ 5 & 8. Specifically, Grace Village alleges Lancaster Pollard "instructed Grace Village (1) to send default and termination notices to Lehman by fax; and (2) at termination, to state that the value of the swaps was zero." *Id*. at ¶ 5.

On September 22, 2012, Lancaster Pollard filed its Amended Third-Party Complaint against PS&W (Dkt. 77), which seeks compensation for any damages awarded to Grace Village against Lancaster Pollard.  On November 13, 2012, the Court entered an Order granting PS&W's motion to dismiss the Amended Third-Party Complaint. *See* Dkt. 87.  After the Court dismissed the Amended Third-Party Complaint, former PS&W attorney Jason George was deposed in a similar action in Ohio.  Lancaster Pollard asserts that Mr. George's deposition testimony supports its claims against PS&W, and thus the Amended Third-Party Complaint should be

2

reinstated.

  PS&W has objected to the motion to reconsider.  Part of PS&W's objection is that Lancaster Pollard had not filed a motion for leave to file a Second Amended Third-Party Complaint.  However, Lancaster Pollard has corrected this deficiency by filing such a motion.  PS&W has objected to this motion also, and has raised essentially the same arguments as it raised in its objection to the motion to reconsider.   Therefore, to streamline matters just a bit, the court will deem the motion to reconsider moot, and will proceed to rule on the motion for leave to file a Second Amended Third-Party Complaint.

  As the deadline for amending the pleadings has passed, Lancaster Pollard must show "good cause" for the amendment under Rule 16 of the Federal Rules of Civil Procedure. *Trustmark Ins. Co. v. Gen. & Cologne Life re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005).   The Court finds that Lancaster Pollard has shown good cause in that it now has new evidence allegedly refuting PS&W's contentions regarding whether the third-party claim fails on the element of proximate causation.

  PS&W has made a vague assertion that it will be prejudiced by granting of the motion because discovery has been proceeding for more than eight months.  However, as Lancaster Pollard points out, the discovery deadline is not until December 20, 2013.  Moreover, Lancaster Pollard has stated that if PS&W reasonably needs more time to conduct discovery after that deadline, Lancaster Pollard will not object.

  PS&W also objects to the motion to amend on the grounds that the proposed Second Amended Third-Party Complaint is futile.  PS&W claims that it is entitled to summary judgment on Lancaster Pollard's proffered Second Amended Third-Party Complaint on the merits and on

the statute of limitations.   However, the law is clear that futility is measured by whether the amendment would survive a motion to dismiss.  *Gandhi v. Sitara Capital Mgt., LLC,* 2013 WL 3455700 (7th Cir. July 9, 2013).

The issues raised by the proposed Second Amended Third-Party Complaint are very factually intensive and fairly complicated.  As denial of leave to amend a complaint is disfavored in this Circuit, *Bausch v. Stryker Corp.* 630, F.3d 546, 562 (7th Cir. 2010), and the objections raised by PS&W are better raised in a motion to dismiss (or motion for summary judgment), the Court will grant Lancaster Pollard's motion to amend.

## Conclusion

On the basis of the foregoing, Lancaster Pollard's motion for reconsideration [DE 114] is hereby DEEMED MOOT.  Further, Lancaster Pollard's motion for leave to amend third-party complaint [DE 118] is hereby GRANTED.

Entered: August 6, 2013.

s/ William C.  Lee<br>
William C. Lee, Judge<br>
United States District Court